23737

In the Matter of Alton Eddie HARMON, Respondent.

(424 S.E. (2d) 483)

Supreme Court

*Attorney General T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*H. Ray Ham,* Cayce-West Columbia, *for respondent.*

Heard Sept. 21, 1992.

Decided Nov. 16, 1992.

*Per Curiam:*

In this disciplinary matter, Respondent is charged with violating the Rule on Disciplinary Procedure, Rule 413, S.C.A.C.R., and the Rule of Professional Conduct, Rule 407, S.C.A.C.R. The Panel of the Board of Commissioners on Grievances and Discipline found that Respondent had engaged in misconduct (1) demonstrating a lack of professional competence to practice law; (2) prejudicial to the administration of justice; and (3) tending to bring the legal profession into disrepute. It recommended a private reprimand. The Executive Committee unanimously adopted the Panel's Findings of Fact and Conclusions of Law but recommended a public reprimand. We concur with the recommendation of the Executive Committee and impose a public reprimand.

## FACTUAL BACKGROUND

Respondent was retained by Henry Leaphart (Leaphart) to probate the Estate of his stepfather, Grady Davis, who died intestate; Leaphart was named Personal Representative of the Estate, of which the primary asset was a residence in Lexington.

Although not an heir under the Statute of Descent and Distribution, Leaphart emphasized to Respondent his desire to obtain title to the home.

When the legal heirs refused to voluntarily deed the property to Leaphart, Respondent concluded that his only alternative was to file a "Petition for Sale of Real Estate" on

Leaphart's behalf. According to Respondent, he filed the Petition as a strategic move in the hope it would "bring the parties together" and allow Leaphart to purchase the property.

Unable to contact Leaphart, and without his permission, Respondent affixed a photostatic copy of Leaphart's signature onto the Petition, which he then forwarded to the legal heirs along with notices of a hearing.

Subsequent to Respondent's photostating of Leaphart's signature, the hearing was cancelled and no petition was ever filed by Respondent in any court.

The matter was ultimately resolved by another attorney, due to the activation of Respondent's National Guard Unit to the "Operation Desert Storm."

## DISCUSSION

Respondent admits the impropriety of photocopying the signature but contends that the actions he took were necessary to ensure timely notice of the hearing to the heirs, as required by statute. He contends, further, that his imminent military activation to Desert Storm necessitated a speedy resolution of the matter.

Respondent's conduct was clearly in violation of ethical standards required of every lawyer. The manner in which he procured the signature of his client, through photocopying, was reprehensible and will not be condoned by this Court.

In mitigation, we recognize the Respondent's actions were taken under severe time constraints, shortly prior to his military activation.

We agree with the Executive Committee and impose a PUBLIC REPRIMAND.